Gregory A. Chaimov, OSB #822180
gregorychaimov@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW 5th Ave, Ste
Portland, Oregon 97201-5610
Telephone: 503-778-5328
Facsimile: 503-778-5299

Harry Korrell, WSBA # 23173
harrykorrell@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 3rd Ave, Ste 2200
Seattle, WA 98101
Telephone: 206-757-8080
Facsimile: 206-757-7080
*Pro-hac vice application pending*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| CITY OF PORTLAND, a municipal corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, and RASIER, LLC, its wholly owned subsidiary,<br><br>　　　　　　　Defendants. | Case No. 3:14-cv-01958-SI<br><br>**SUPPLEMENTAL DECLARATION OF BROOKE STEGER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

I, Brooke Steger, hereby declare as follow:

1. I am the Seattle General Manager for Uber Technologies Inc. ("Uber"), overseeing operations in the Northwest, including Portland, Oregon and its neighboring communities where Uber's ride sharing application is available to rider and drivers. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would competently testify to all the facts contained herein from my own personal knowledge. In

Page 1 – Supp. Declaration of Brooke Steger ISO Defendants' Opposition to Remand

DWT 25522187v5 0096932-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

1. this declaration, I refer to Uber and its wholly-owned subsidiary Rasier, LLC jointly as "Uber."

2. On December 8, 2014, I submitted a declaration in support of Uber's Notice of Removal of this action to federal court.

3. In my prior declaration, I stated that if Uber were required to obtain licenses and permits and change its business so that it operated as if it were a Taxicab Company or a Limited Passenger Transportation Company in Portland, as described in and regulated by the Portland City Code, that would cost in excess of $100,000. I based that observation on the following: Portland City Code section 16.40.190(j) requires that Taxicab Company or a Limited Passenger Transportation Company pay the permit or decal fees for all vehicles partnered with the company. Uber is not a Taxicab Company or a Limited Passenger Transportation Company, and drivers who use the Uber app are not affiliated with Uber within the meaning of the Portland City Code (that's at the heart of this dispute). However, if Uber were, as the City seeks to establish in this action, a Taxicab Company or a Limited Passenger Transportation Company, and if drivers who use the Uber app were "affiliated" with Uber within the meaning of the Portland City Code, then, to operate in Portland, Uber would need to pay permit fees for its affiliated drivers. The permit fees are currently $225 per vehicle. Under the City's definition, the approximate number of "affiliated" drivers that Uber expects to have by year's end would require the payment by Uber of over $75,000 in permit fees. The initial permit fees for taxi drivers are $200 ($100 nonrefundable application fee and $100 initial permit fee). The driver permit fees for the approximate number of "affiliated" drivers that Uber expects to have by year's end also will total in excess of $75,000. If the city treats each Uber partner driver as its own small taxi or LPT company, the permit and license fees will be even higher, because the Code requires each company to obtain its own company permit

4. In my prior declaration, I also stated that the lost profits to Uber as a result of an injunction would certainly exceed $100,000. In reaching this conclusion, I relied on my knowledge of Uber's business operations and profits in the cities of Seattle, WA, and the

Page 2 – Supp. Declaration of Brooke Steger ISO Defendants' Opposition to Remand

DWT 25522187v5 0096932-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

communities surrounding Portland, including Vancouver, in which the Uber app has been available to riders and drivers for five months. In terms of user demand, drivers, and anticipated growth, the Portland market is similar to Seattle. Portland is a new market and the customer base is still growing. Based on Uber's profits in existing similar markets and my projections of the growth of the Portland market (based on my experience in other markets, the demand in Portland by both riders and drivers, and the poor taxi availability in Portland), Uber will lose between $100,000 and $200,000 in profit by the end of the year if it is not able to operate in Portland. This is a conservative estimate. This estimate is not an estimate of lost revenues, rather of lost profits, meaning net profit after expenses. Lost profits will obviously be even greater the longer any injunction is in place.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of December, 2014 at __Portland__, __OR__.

_____
Brooke Steger

Page 3 – Supp. Declaration of Brooke Steger ISO Defendants' Opposition to Remand

DWT 25522187v5 0096932-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax