IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CITY OF PORTLAND**, a municipal corporation,

        Plaintiff,

      v.

**UBER TECHNOLOGIES, INC.**, a Delaware corporation, and **RAISER, LLC**, its wholly owned subsidiary,

        Defendants.

Case No. 3:14-cv-01958-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

      Plaintiff City of Portland ("the City") filed a complaint in Multnomah County Circuit Court against defendants Uber Technologies, Inc., and Raiser, LLC (collectively "Uber") seeking declaratory judgment and injunctive relief. The City claims that Uber is in violation of Portland City Code regulations governing private for-hire transportation. Uber removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C § 1332(a). The City now moves for an order remanding the case to the Multnomah County Circuit Court on the basis that the amount-in-controversy requirement for diversity jurisdiction is not met. For the reasons that follow, this motion is denied.

PAGE 1 – OPINION AND ORDER

Federal district courts have original jurisdiction over civil actions in which the litigants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). With various exceptions not relevant here, a party sued in state court may remove the cause to federal court if the action might originally have been brought in federal court. 28 U.S.C. § 1441(a). The party seeking federal jurisdiction must prove by a preponderance of the evidence that the requirements of federal jurisdiction have been met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).[1] Thus, Uber must prove only that it is more likely than not that the amount in controversy exceeds $75,000.

When a plaintiff seeks equitable relief, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977). When the object of the litigation is the right to do business "free from the interference of the challenged statute," its value is measured by "the losses that will follow from the statute's enforcement." *Id.* Thus, even when the plaintiff's potential recovery is below the jurisdictional minimum, if "the potential cost to the defendant of complying with the injunction exceeds that amount," the jurisdictional bar is met. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

---

[1] The City cites cases holding that "any doubt about the right of removal requires resolution in favor of remand." *See, e.g.*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). As *Rodriguez* recognized, that standard was effectively overruled, at least in the class-action context, by *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). *See Rodriguez*, 728 F.3d at 981. And in 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 (H.R. 394), 125 Stat. 758 (2011), clarifying that the standard for determining the amount in controversy in removal cases is a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-719, slip op. at 6-7 (U.S. Dec. 15, 2014) (confirming that evidence on the amount in controversy is required only if the plaintiff contests jurisdiction and need only rise to the preponderance-of-the-evidence standard).

PAGE 2 – OPINION AND ORDER

Here, Uber has submitted two declarations affirming that the cost of complying with an injunction would exceed $75,000. First, Uber contends that it will suffer lost profits in excess of $75,000 if it is enjoined from doing business in Portland. Steger Declaration (Dkt. 2) ¶ 2; Supplemental Steger Declaration (Dkt. 19) ¶ 4. Second, Uber contends that the cost of complying with the City's regulations governing private for-hire transportation would exceed $75,000. Steger Declaration ¶ 3; Supplemental Steger Declaration ¶ 3. Both lost profits and cost of compliance are permissible ways to measure the cost of an injunction to a defendant. *See Hunt*, 432 U.S. at 347 ("[T]here is evidence . . . that individual growers and shippers lost accounts in North Carolina as a direct result of the statute. Obviously, those lost sales could lead to diminished profits. There is also evidence to support the finding that individual growers and dealers incurred substantial costs in complying with the statute. . . . Such costs of compliance are properly considered in computing the amount in controversy.").

The City, citing the measure of damages under Oregon law, argues that lost profits must mean net profits, rather than lost revenue. *Cf. Cruz Dev., Inc. v. Yamalova*, 174 Or. App. 494, 498 (2001). But state law is inapposite to the question of federal jurisdiction. *Cf. Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (holding state law inapplicable to the question of an individual's citizenship for diversity-jurisdiction purposes). And federal courts have indeed considered lost revenue as a measure of the cost of an injunction. *See Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) (collecting cases). The City also argues that a business may not profit from illegal activity, but whether Uber's activity is illegal is a question reserved for the *merits* in this case. The City cannot prevail on its motion to remand by putting the cart before the horse.

PAGE 3 – OPINION AND ORDER

Because the City has submitted no evidence on the amount in controversy, Uber's declarations are the only evidence on this point. Uber's declarations were submitted by Brooke Steger, the general manager for Uber's operations in the northwestern United States, including Seattle, Washington, and several communities surrounding Portland, Oregon. Supplemental Steger Declaration ¶ 1. In that role, she is competent to testify about Uber's profits and the cost of complying with local regulations. The City argues that her assertions are speculative, but testimony about lost profits or future compliance costs necessarily involve some degree of projection, and that fact alone does not render Ms. Steger's statements inadmissible speculation. Ms. Steger's knowledge of Uber's business practices and the markets in Portland and the northwest provide a sufficient basis for her testimony. Because her evidence is unrebutted, Uber has met its burden of showing that the amount-in-controversy requirement is met. *Cf. Hemphill Chiropractic Clinic, LLC v. Md. Cas. Co.*, 2008 WL 4621522, at *2 (W.D. Wash. Oct. 17, 2008) (holding that testimony by a competent individual, even without specific calculations, was sufficient to prove the amount in controversy, when unrebutted).

This Court has jurisdiction, and the City's motion to remand (Dkt. 8) is DENIED.

**IT IS SO ORDERED.**

DATED this 15th day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER